■ ALFONSO D'AMBROSIO et al., Respondents, v METHODIST HOSPITAL OF BROOKLYN et al., Defendants, and HARRY FELGER, Appellant.—Appeal by defendant Felger from an order of the Supreme Court, Kings County (Scholnick, J.), dated June 11, 1984, which denied his motion for summary judgment dismissing the complaint as to him.

Order reversed, on the law, with costs, motion granted, and complaint dismissed as against defendant Felger.

Since defendant Felger demonstrated his entitlement to summary judgment, it was incumbent upon the plaintiffs to establish the existence of a triable issue of fact by admissible evidence or to proffer a valid excuse for the failure to do so *(see, Zuckerman v City of New York,* 49 NY2d 557, 560). Because the plaintiffs submitted only an affirmation from their attorney, alleging in conclusory terms that triable issues of fact existed, the motion for summary judgment should have been granted. Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.

■ ANTHONY DE ANGELAS, Respondent, v P.A. TROPICAL PRODUCTS, INC., Appellant.—Order of the Supreme Court, Kings County, dated September 26, 1983, affirmed, with costs, for reasons stated by Justice Bellard at Special Term. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.

■ DINERSTEIN & LESSER, P. C., et al., Respondents, v SEYMOUR BERGER et al., Appellants.—In an action to recover a share of legal fees from the defendant Berger and the defendant law firm, defendants appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated August 8, 1984, which, upon reargument, denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground of collateral estoppel.

Order affirmed, with costs.

Defendants' claim that the present action is barred by the doctrine of collateral estoppel is refuted by the record, which clearly indicates that plaintiffs were never parties to the prior proceeding which allegedly serves as the basis for the instant claim. Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.